**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States,<br><br>    Plaintiff<br><br>v.<br><br>Danny Ellis,<br><br>    Defendant | 2:13-cr-00258-JAD-GWF<br><br>**Order Granting Motion to Withdraw as Counsel and Denying Motion for Sentence Reduction**<br><br>[ECF 52, 55] |

    On March 17, 2015, I sentenced Danny Ellis to 60 months in prison after he pleaded guilty to conspiracy to possess with the intent to distribute cocaine and possession with intent to distribute cocaine.[1] Ellis, now pro se,[2] moves for a sentence reduction under 18 USC § 3582(c)(2), which authorizes a district court to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."

    A sentence reduction under § 3582(c)(2) requires a two-step inquiry.[3] First, the court must determine if the guideline for the defendant's offense was lowered post-sentencing. If so, the court must then determine whether a reduction is warranted by the § 3553(a) sentencing factors.[4] Ellis argues that he is entitled to a reduction based on Amendment 782 to the United States Sentencing Guidelines, which took effect on November 1, 2014, and reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables in U.S.S.G. §§ 2D1.1 and 2D1.11.

---

[1] ECF 51.

[2] The federal public defender's office moves to withdraw as Ellis's counsel of record, indicating that it will not file any motions or applications for reduction of sentence on Ellis's behalf. ECF 55 at 2. I grant the federal public defender's motion to withdraw as counsel and consider Ellis's pro se motion for sentence reduction.

[3] *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).

[4] *Id.*

Ellis's motion fails on the first prong of the inquiry. The guideline range for Ellis's offenses was not lowered post-sentencing because Amendment 782 took effect four months *before* Ellis's March 2015 sentencing, and the pre-sentence investigation report shows that Ellis was sentenced under the amended guidelines. However, although Amendment 782 reduced Ellis's base offense level to 24 and his guideline range to 37–46 months' imprisonment, it did not affect the mandatory minimum term for Ellis's offenses,[5] so I nonetheless sentenced him to 60 months. This may be the source of Ellis's confusion. District courts have "no authority to reduce a sentence" under § 3582(c)(2) when the defendant is sentenced to the statutory mandatory minimum and that mandatory minimum is not affected by an amendment to the sentencing guidelines.[6] Because I sentenced Ellis to the mandatory minimum sentence available under the statute, and no pre- or post-sentencing amendment has affected that mandatory minimum, I have no authority to reduce his sentence. And, because Ellis is not eligible for a sentence reduction, I need not consider whether the § 3553 sentencing factors warrant that relief.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that defense counsel's motion to withdraw as attorney **[ECF 55] is GRANTED**, and defendant's motion for a sentence reduction **[ECF 52] is DENIED.**

Dated April 4, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[5] 21 USC § 841(1)(B)(ii).

[6] *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009).