UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States,<br><br>    Plaintiff<br><br>v.<br><br>Danny Ellis,<br><br>    Defendant | 2:13-cr-00258-JAD-GWF<br><br>**Order Denying Motion to Correct Sentence Under 28 USC § 2255**<br><br>[ECF 56] |

On March 17, 2015, I sentenced Danny Ellis to the statutorily required mandatory minimum term of 60 months in prison after he pleaded guilty to conspiracy to possess with the intent to distribute cocaine and possession with intent to distribute cocaine.[1] Ellis moved for a sentence reduction under 18 USC § 3582(c)(2) and Amendment 782;[2] I denied his request because the mandatory minimum term of imprisonment for his conviction was not affected by the amendment.[3] Ellis now moves to correct his sentence under 28 USC § 2255, arguing that he received ineffective assistance of counsel and that the government did not sufficiently prove his role enhancement, so his sentence should be reduced to 36–48 months.[4] Because the record conclusively shows that Ellis is not entitled to relief, I deny his motion.

**Discussion**

**A.    Motion to correct sentence under 28 USC § 2255**

A federal inmate may move to vacate, set aside, or correct his sentence under § 2255 if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum

---

[1] ECF 51.

[2] ECF 52.

[3] ECF 57.

[4] *See* ECF 56.

authorized by law; or (4) the sentence is otherwise subject to collateral attack.[5]  Ellis argues that his sentence should be reduced because he received ineffective assistance of counsel and because the government did not sufficiently prove his role enhancement.  To prevail on an ineffective assistance of counsel claim, Ellis must establish that his counsel's performance was deficient by showing that it fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[6]

**B.      Ellis is not entitled to a reduced sentence based on ineffective assistance of counsel or the government's alleged failure to prove a role enhancement.**

On the heels of a nearly two-year investigation into a mail-order drug-trafficking scheme, Ellis was indicted for conspiracy to possess with the intent to distribute cocaine and possession with intent to distribute cocaine after police seized a package shipped by Ellis containing almost 2 kilograms of cocaine.  Ellis pleaded guilty to both counts without the benefit of a written plea agreement.  Ellis claims that he received ineffective assistance of counsel because his retained counsel promised him that he would receive a sentence of 24 months or less, "lacked the proper knowledge and communication skills to negotiate a proper plea,"[7] and failed to argue that the government failed to sufficiently prove the role enhancement.[8]  Ellis also claims that his sentence should be reduced based on the government's alleged failure to prove his role enhancement.

Ellis is not entitled to a reduced sentence.  I thoroughly canvassed Ellis when he entered his guilty plea, and Ellis stated that no one had promised him that he would receive a certain sentence, so he cannot show that his counsel was ineffective for promising him a sentence of 24 months or less.  Ellis also indicated at that hearing that he understood the consequences of his guilty plea and that I could impose any lawful sentence.

Ellis also cannot show ineffective assistance of counsel simply by claiming that his counsel

---

[5] 28 USC § 2255(a); *United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010).

[6] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[7] ECF 56 at 4.

[8] *Id.* at 5–6.

lacked the skills to negotiate a satisfactory plea. Ellis's counsel is not ineffective for failing to negotiate a deal under which Ellis would not be subject to the mandatory minimum term of imprisonment for the quantity of cocaine that he was responsible for. At sentencing, both parties represented that Ellis rejected two plea deals before pleading guilty without a plea agreement because both deals contemplated prison time and prohibited Ellis from requesting a probationary sentence. Ellis does not allege that counsel failed to inform him about the government's plea offers or failed to adequately inform him of their consequences and that, but for counsel's errors, he would not have pleaded guilty or that he would have accepted one of the plea deals and received a more favorable sentence. By pleading guilty without a plea agreement, counsel retained the right to argue—and did argue at sentencing—that Ellis met the criteria for the safety-valve provision and that a below-guideline-range sentence of probation was appropriate. But the government opposed that request, and I found that Ellis did not qualify for safety-valve treatment because he failed to satisfy factor five of the safety-valve provision (which requires a defendant to provide all of the information he has about the offense and any offenses that were part of the same common scheme or plan)[9] because Ellis refused to reveal the source of the cocaine or identify any other persons involved in the drug-trafficking scheme. And, even if the parties had agreed on a sentencing range, I would not have been bound by their agreement.

      Finally, Ellis's counsel cannot be ineffective for failing to argue—and Ellis is not entitled to a reduced sentence for—the government's alleged failure to prove his "Kingpin role" enhancement. The PSR reflects that no role enhancement was applied to increase Ellis's offense level. Ellis's guideline range was actually slightly less than the range he now requests—37–46 months versus 36–48 months—but because his conviction required a mandatory minimum term of imprisonment that was greater than his guideline range, I could not—and still cannot—lawfully impose a sentence within that range.

---

[9] USSG § 5C1.2(a)(5).

## Conclusion

Accordingly, IT IS HEREBY ORDERED that defendant's motion to correct sentence under 28 USC § 2255 **[ECF 56] is DENIED**.

Dated April 13, 2016

_____
Jennifer A. Dorsey
United States District Judge